**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Ramon MONTENEGRO–SAMANIEGO,
Defendant—Appellee.**

No. 03–30517.

D.C. No. CR–03–107–JLQ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Aug. 27, 2004.

Pamela J. Byerly, Asst. U.S. Atty., USSP—Office of the U.S. Attorney, Amy Rubin, FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Plaintiff-Appellant.

Christina L. Hunt, Amy M. Schwering, FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant-Appellee.

Before HALL, CALLAHAN, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM**

The United States of America appeals the district court's grant of a downward departure in sentencing Defendant Ramon Montenegro–Samaniego following his guilty-plea conviction for being an alien who reentered the United States without permission following deportation in violation of 8 U.S.C. § 1326. We review de novo the district court's decision to depart from the Sentencing Guidelines. *United*

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States v. Phillips,* 367 F.3d 846, 854 (9th Cir.2004).[1]

The district court departed downward by eight levels to mitigate the effect of U.S.S.G. § 2L1.2(b)(1)(A)(ii), which provides for a sixteen-level enhancement where the defendant has a predicate conviction for a felony that constitutes a "crime of violence." Defendant does not dispute that the guidelines define "crime of violence" specifically to include kidnapping. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002).

The district court's decision to depart downward based upon its view of the circumstances of Defendant's 2001 kidnapping conviction was improper because the enhancement set forth in U.S.S.G. § 2L1.2(b)(1)(A)(ii) is mandatory. The Sentencing Commission, in 2001 amendments to this guideline, specifically enumerated kidnapping as a *per se* crime of violence, thereby foreclosing lower courts from conducting their own review of the surrounding circumstances to determine that a lesser sentence is appropriate.[2]

Second, even accepting Defendant's argument that the district court retained discretion to grant a downward departure, we find on these facts that it was an abuse of discretion. Exerting physical control over a five-year-old child in order to abscond with him, over both his and his caregiver's protests, is indeed a use of physical force that carries with it an implicit threat of heightened force should the kidnapper be met with resistance.

**VACATED** and **REMANDED.**

---

1. We note that the parties have reserved any issues raised pursuant to *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

2. *See Koon v. United States,* 518 U.S. 81, 92, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("Congress allows district courts to depart from the applicable Guideline range if 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, *not adequately taken into consideration by the Sentencing Commission in formulating the guidelines* that should result in a sentence different from that described.'") (quoting 18 U.S.C. § 3553(b)) (emphasis added).

Defendant's reliance on *United States v. Sanchez–Rodriguez,* 161 F.3d 556 (9th Cir. 1998) *(en banc),* is unavailing. *Sanchez–Rodriguez* was decided *prior to* the 2001 amendments to § 2L1.2(b)(1), when the guideline provided only the blanket sixteen-level enhancement for any "aggravated felony." As the Sentencing Commission specifically noted in the 2001 amendments, its replacement of the blanket enhancement with the graduated enhancement based on *the Commission's* determination as to the seriousness of certain crimes was intended to negate the need for such downward departures, and it specifically cited the departure analysis of *Sanchez–Rodriguez* as having been "rendered moot" by the amendment. *See* U.S.S.G.App. C, amend. 632 (2001).